UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-14027-CR-MARRA(MOORE)/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

IVORY CHARLES BRINSON,

    Defendant.
_____/



REPORT AND RECOMMENDATION ON DEFENDANT'S
MOTION FOR PERMISSION TO FILE A LATE NOTICE
OF APPEAL [D.E. #82] AND DEFENDANT'S MOTION TO
RE-ISSUE THE JUDGMENT [D.E. #84]

**THIS CAUSE** having come on to be heard upon the aforementioned motions and this Court having reviewed the motions as well as the government's response, recommends to the District Court as follows:

1. Both of these motions address the same issue, that being defense counsel's failure to file a timely notice of appeal. The Judgment and Sentence was issued by Judge Moore in this case on October 24, 2006. The notice of appeal was not filed by the Defendant until December 26, 2006. This computes to a period of sixty three days.

2. Counsel for the Defendant admits that the notice was not timely filed under Federal Rules of Appellate Procedure, Rule 4 and further acknowledges that it does not fall within the "umbrella of excusable neglect" as referred to in Rule 4. Counsel for the Defendant attaches affidavits executed by himself as well as by his legal assistant.

3. These affidavits assert that counsel was appointed as appellate counsel for the Defendant Ivory Brinson in this case and that the Defendant wished to have an appeal

filed on his behalf. However, counsel failed to file a timely notice of appeal based upon a miscommunication with a member of his staff.

4.     The affidavit of the legal assistant asserts that on October 23rd defense counsel, Mr. Murray, conveyed to the legal assistant Mr. Brinson's intent to file a notice of appeal. It is noted that the Defendant was sentenced by Judge Moore on October 23, 2006 and the written Judgment and Sentence was issued the following day, October 24, 2006.

5.     The affidavit of the legal assistant, William Povlitz, goes on further to state that defense counsel directed him to immediately prepare a notice of appeal for signature and filing with the court. The legal assistant believed that the notice of appeal was filed in speaking with defense counsel, Mr. Murray, on October 27, 2006. The affidavit asserts that the legal assistant confused this Defendant's notice of appeal with the notice of appeal filed in another case that same day. Between the period of October 30, 2006 and December 21, 2006, the affidavit asserts that the legal assistant was in and out of the office due to some medical problems. It is noted that the year set forth in paragraph 3C of the Povlitz affidavit is incorrect. This Court must assume that the way it is written should have been December 21, 2006 and this Court will assume that for the purposes of this Report and Recommendation.

6.     The Motion to Re-Issue the Judgment has no legal authority. Counsel for the Defendant concedes that there is no rule of procedure allowing for the "re-issuing of the order at issue." However, defense counsel argues that Federal Rule of Appellate Procedure, Rule 4 permits for the late filing of notices of appeal "meaning that federal

courts have the power to manipulate the timing regarding properly filed notices of appeal." This Court disagrees and will cite the appropriate case law herein.

7.   The government's response asserts that the notice of appeal was not timely filed and that this Court has no jurisdiction to extend the period of time at this point. The Court agrees with that finding and will recite the case law applicable to these types of issues.

8.   Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure requires that the defendant in a criminal case file a notice of appeal within ten days after the entry of the judgment. Rule 4(b) authorizes a thirty day extension upon a finding by the District Court that the failure to file within the original period resulted from "excusable neglect." United States v. Williams, 425 F.3d 987 (11th Cir. 2005) and United States v. Grant, 256 F.3d 1146 (11th Cir. 2001). However, Rule 4(b) only permits an extension of time for a period not to exceed thirty days. United States v. Martinez, 2006 WL 3078930 (11th Cir. 2006). Absent the filing of a timely notice of appeal, the Court of Appeals is without jurisdiction to review the decision on the merits. United States v. Cartwright, 413 F.3d 1295 (11th Cir. 2005).

9.   The Eleventh Circuit Court of Appeals has recently reiterated that Rule 4(b)(4) of the Federal Rules of Appellate Procedure prohibits a district court from extending the time for filing a notice of appeal more than thirty days beyond the ten day deadline set forth in Rule 4(b). United States v. Brown, 192 Fed.Appx. 942 (11th Cir. 2006).

10.   Here the Defendant admits that his appeal was not timely filed within the ten days required under the Rules of Appellate Procedure nor was it filed within the thirty day

grace period thereafter. Therefore this Court is without jurisdiction to extend the period further based on any argument that the Defendant makes in these two motions.

**ACCORDINGLY**, this Court recommends to the District Court that the Defendant's Motion For Permission To File A Late Notice Of Appeal [D.E. #82] be **DENIED** and the Defendant's Motion To Re-Issue The Judgment [D.E. #84] be **DENIED**.

The parties shall have ten (10) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, United States District Judge assigned to this case.

**DONE AND SUBMITTED** this ____24th____ day of January, 2007, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. K. Michael Moore
AUSA Rinku Talwar
Charles A. Murray, Esq.