UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-14027-CR-MOORE/MAYNARD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

IVORY CHARLES BRINSON,

    Defendant.
_____/

FILED by _____ D.C.
SEP 25 2018
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON FINAL HEARING IN RESPECT TO THE PETITION ALLEGING VIOLATIONS OF SUPERVISED RELEASE

**THIS CAUSE** having come before the Court for a final hearing on September 17, 2018 with respect to the Petition for Warrant or Summons for Offender under Supervision (the "Petition"), and this Court having convened a hearing, recommends to the District Court as follows:

1. Defendant appeared before this Court on September 17, 2018 for a final hearing on the Petition, which alleges the following violations of supervised release:

**Violation Number 1** — **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On June 21, July 5, July 11, and July 18, 2018, the defendant submitted a urine specimen which tested positive for the presence of cannabinoids in [U.S. Probation's] local laboratory; and subsequently was confirmed positive by Alere Toxicology Services, Incorporated.

**Violation Number 2** — **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On July 5, 2018, the defendant submitted a urine specimen which tested positive for the presence of cocaine in [U.S. Probation's] local laboratory; and subsequently was confirmed positive by Alere Toxicology Services, Incorporated.

| | |
|---|---|
| **Violation Number 3** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about August 1, 2018, in Indian River County, Florida, the defendant committed the offense of Possession of a controlled substance (Cocaine), contrary to Florida Statute 893.13. |
| **Violation Number 4** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about August 1, 2018, in Indian River County, Florida, the defendant committed the offense of Possession of drug paraphernalia, contrary to Florida Statute 893.147. |
| **Violation Number 5** | **Violation of Standard Condition**, by associating with a person engaged in criminal activity. On or about August 1, 2018, at 6135 85th Street, Vero Beach, Florida, the defendant associated with Antonio Wheeler, a subject identified by Indian River County Sheriff's Office, as being in possession of marijuana and cocaine. |
| **Violation Number 6** | **Violation of Standard Condition**, by associating with a person engaged in criminal activity. On or about August 1, 2018, at 6135 85th Street, Vero Beach, Florida, the defendant associated with Stephan Clark, a subject identified by Indian River County Sheriff's Office, as being in possession of marijuana. |

2. The Government indicated that it was proceeding on Violation Numbers 1 through 4, and would dismiss Violation Numbers 5 and 6 at sentencing. The Government called U.S. Probation Officer Amanda Maghan to testify. During Officer Maghan's testimony, the Government offered Government's Exhibits 1, 2, 3, 4, 5, and 6 into evidence. Government's Exhibit 1 is a Drug Test Report from Alere Toxicology Services showing that Defendant tested positive for marijuana on June 21, 2018. Government's Exhibit 2 is a Drug Test Report from Alere Toxicology Services showing that Defendant tested positive for marijuana on June 27, 2018. Government's Exhibit 3 is a Drug Test Report from Alere Toxicology Services showing that Defendant tested positive for marijuana and cocaine on July 5, 2018. Government's Exhibit

4 is a Drug Test Report from Alere Toxicology Services showing that Defendant tested positive for marijuana on July 11, 2018.  Government's Exhibit 5 is a Drug Test Report from Alere Toxicology Services showing that Defendant tested positive for marijuana on July 18, 2018.  Government's Exhibit 7 is a form Defendant signed on June 21, 2018 admitting he had used marijuana.  On July 23, 2018, an Interpretation Report was requested from Alere Toxicology Services to determine whether Defendant had reused marijuana after the initial drug test on June 21st, or if subsequent positive results were a result of residual marijuana in his system.  The Interpretation Report provided from Alere Toxicology Services is admitted as Government's Exhibit 8.  It states that the Defendant reused marijuana prior to submitting urine samples on July 5 and July 11, 2018, but did not reuse marijuana prior to submitting a sample on June 27, 2018.  Thus, the positive result from Defendant's June 27th sample are not included as part of Violation Number 1.

    3.    Officer Maghan testified that a search of the Defendant's residence was conducted on August 1, 2018.  During the search of Defendant's bedroom, a plastic container was located that contained a white rock like substance.  The substance was field tested by Indian River County Sheriff's Office and was positive for cocaine.  The plastic container contained nine tenths of a gram of crack cocaine.  A digital scale commonly used for weighing illegal narcotics was located in the Defendant's bedroom.  The scale was field tested and was positive for the presence of cocaine.  Defendant was questioned as to the crack cocaine located in his bedroom.  He stated that he had four to five crack rocks on his dresser.  The defendant stated they belonged to him and were for personal use.  Defendant said he smoked the crack cocaine mixed with marijuana to ease pain in his stomach.

4. The Defendant did not present any witnesses, evidence or argument. The Court notes that Defendant has been charged by the State of Florida for the conduct alleged in Violation Numbers 3 and 4, and his state case is currently pending.

5. This Court has considered the evidence and finds that it establishes by a preponderance of the evidence that the Defendant committed Violation Numbers 1 through 4. Government's Exhibits 1 through 5, 7 and 8 are sufficient to establish by a preponderance of the evidence that Defendant committed the violations alleged in Violation Numbers 1 and 2. The items located in Defendant's bedroom and his statements to the Probation Officer are sufficient to establish by a preponderance of the evidence that Defendant committed the violations alleged in Violation Numbers 3 and 4. Based upon the foregoing evidence, this Court will recommend to the District Court that the Defendant has committed Violation Numbers 1 through 4 and that the Government has proven those violations by a preponderance of the evidence.

**ACCORDINGLY**, this Court recommends to the District Court that the Defendant be found to have violated his supervised release with respect to Violation Numbers 1 through 4 and that a sentencing hearing be set at the earliest convenience of the District Court for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 25th day of September, 2018.

SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE