UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-14027-CR-MOORE/MAYNARD

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**

**IVORY CHARLES BRINSON,**

    **Defendant.**
_____/

### REPORT AND RECOMMENDATION ON FINAL EVIDENTIARY HEARING

**THIS CAUSE** is before the Court for consideration of the pending Superseding Petition for Offender under Supervision ("Petition") (DE 232). Having conducted a hearing, this Court recommends as follows:

    1.    The Defendant appeared before this Court April 14, 2021 for a hearing on the Petition. The hearing was convened via videoconference on the Zoom platform. At the hearing's outset, the Court advised the Defendant of his right to have the proceeding in person. The Defendant acknowledged that he understands that right and, after consultation with counsel, agreed to waive that right and consented to have the hearing conducted through videoconference. Having discussed the matter with the Defendant, the Court finds that his waiver of in person appearance and consent to proceed through videoconference is knowing and voluntary. The Court also finds, pursuant to the CARES Act, H.R. 788, and the Court's Administrative Orders In re: Coronavirus Public Emergency, that this hearing cannot be further delayed without serious harm to the interests of justice.

2. After consultation with his attorney, the Defendant announced to this Court that he wished to admit Violation Numbers 1, 2, and 3 as set forth in the Petition. Defendant wished to have an evidentiary hearing on Violation Number 4. The Petition contains the following allegations:

| | |
|---|---|
| **Violation Number 1** | **Violation of Mandatory Condition,** by unlawfully possessing or using a controlled substance. On January 28, 2021, the defendant submitted a urine specimen which tested positive for the presence of marijuana in our local laboratory; and subsequently was confirmed positive by Alere Toxicology Services, Incorporated, and by the defendant's admission. |
| **Violation Number 2** | **Violation of Mandatory Condition,** by unlawfully possessing or using a controlled substance. On February 4, 11, and 18, 2021, the defendant submitted urine specimens which tested positive for the presence of marijuana in our local laboratory; and subsequently were confirmed positive by Alere Toxicology Services, Incorporated, and by the defendant's admission. |
| **Violation Number 3** | **Violation of Mandatory Condition,** by unlawfully possessing or using a controlled substance. On February 25 and March 4, 2021, the defendant submitted urine specimens which tested positive for the presence of marijuana in our local laboratory; and subsequently were confirmed positive by Alere Toxicology Services, Incorporated. |
| **Violation Number 4** | **Violation of Mandatory Condition,** by unlawfully possessing or using a controlled substance. On March 4, 2021, the defendant submitted urine a specimen which tested positive for the presence of cocaine in our local laboratory; and subsequently was confirmed positive by Alere Toxicology Services, Incorporated. |

3. The possible maximum penalties faced by the Defendant were read into the record by the Government, and the Defendant stated that he understood those penalties. The Court questioned the Defendant on the record and made certain that he understood his right to an

evidentiary hearing on Violation Numbers 1, 2, and 3. The Defendant acknowledged that he understood his rights in that regard and further understands that if his admissions to Violation Numbers 1, 2, and 3 are accepted, all that will remain regarding those violations will be for the District Court to conduct a sentencing hearing for final disposition of this matter.

4. The Government proffered a factual basis for the admissions into the record. The Government stated that it received lab reports from Alere Toxicology Services confirming the positive drug tests alleged in Violation Numbers 1, 2, and 3. The Defendant agreed that the facts as stated by the Government were true and the Government could prove those facts if a hearing were held in this matter. Having heard the factual proffer, this Court finds that it establishes a sufficient factual basis to support Defendant's admissions to Violation Numbers 1, 2, and 3.

5. Next, the undersigned conducted an evidentiary hearing with respect to Violation Number 4. Probation Officer Beau McGee testified that defendant submitted a urine specimen on March 4, 2021 that tested positive for the presence of cocaine in Probation's local laboratory, and subsequently was confirmed positive by Alere Toxicology Services. The Government introduced Government's Exhibit 4, which is a laboratory report from Alere Toxicology Services confirming this result. The Defendant offered no evidence contradicting this evidence. Thus, this Court finds that the Government has proved by a preponderance of the evidence that Defendant unlawfully possessed or used cocaine on March 4, 2021.

**ACCORDINGLY**, this Court recommends to the District Court that the Defendant be found to have violated the terms and conditions of his supervised release as set forth in Violation Numbers 1, 2, 3, and 4, and that a sentencing hearing be set for final disposition of this matter.

The parties jointly agreed to a shortened objections period. Thus, the parties shall have seven (7) days from the date of this Report and Recommendation within which to file objections,

if any, with the Honorable K. Michael Moore, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

      **DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this <u>19th</u> day of April, 2021.

                                                 _____
                                                 SHANIEK M. MAYNARD
                                                 UNITED STATES MAGISTRATE JUDGE